**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAMES DANIEL ALEXANDER, | No. 12-16848 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02773-MCE-KJN |
| v. | |
| WEIDEMEIRER; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted March 10, 2014**

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner James Daniel Alexander appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging, among

other claims, constitutional violations in connection with the confiscation of

several adult magazines.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Alexander's First Amendment claim regarding his right to free expression because Alexander failed to raise a genuine dispute of material fact as to whether the confiscation of his adult magazines violated his right to free expression. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth factors for determining whether a regulation unduly infringes on a constitutional right); *Mauro v. Arpaio*, 188 F.3d 1054, 1059-62 (9th Cir. 1999) (en banc) (jail's ban on sexually explicit materials did not violate the First Amendment); *see also Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999) (clarifying the circumstances under which the government must produce evidence in support of a common-sense connection between a legitimate objective and a prison regulation).

The district court properly granted summary judgment on Alexander's other claims arising from the confiscation of his adult magazines because Alexander failed to raise a triable dispute as to any element of those claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (discussing the sufficiently serious deprivation requirement of an Eighth Amendment claim); *City of Cleburne v. Cleburne Living*

*Center*, 473 U.S. 432, 439 (1985) (the Equal Protection Clause essentially requires that all persons similarly situated be treated alike); *Lynch v. Donnelly*, 465 U.S. 668, 678-679 (1984) (identifying guidelines for analyzing Establishment Clause claims); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) ("[P]risoners have no legitimate expectation of privacy, and the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.").

The district court properly dismissed Alexander's due process claim, his claim alleging improper denial of conjugal visits, and his access-to-courts claim because Alexander failed to allege sufficient facts to state a claim for relief. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth procedural due process requirements in prison disciplinary proceedings); *Silva v. DiVittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a First Amendment access-to-courts claim); *Gerber v. Hickman*, 291 F.3d 617, 621-22 (9th Cir. 2002) (en banc) (prisoners have no constitutional right while incarcerated to conjugal visits).

The district court did not abuse its discretion by denying Alexander's motion to reconsider because Alexander failed to establish grounds warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.1993) (standard of review and grounds for reconsideration under Fed. R.

Civ. P. 59(e)).

The district court did not abuse its discretion by denying Alexander's motion to vacate or modify the protective order, his motions to compel, and his motion for subpoenas duces tecum. *See* Fed. R. Civ. P. 26(b)(1)-(2) (discussing the permissible scope of discovery); Fed. R. Civ. P. 26(c)(1) (circumstances under which entry of protective order is appropriate); *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing the district court's broad discretion to deny discovery).

We do not consider issues raised in the opening brief which are not supported by argument, nor issues and arguments incorporated by reference on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (applying requirements of Fed. R. App. P. 28 to pro se appellant's submissions on appeal).

We deny Alexander's motion to schedule oral argument, filed on January 14, 2013.

**AFFIRMED.**